MEERHOFF, Exr., Appellee,

v.

HUNTINGTON MORTGAGE COMPANY, Appellee; SCHMENK, Appellant.*

[Cite as *Meerhoff v. Huntington Mtge. Co.* (1995), 103 Ohio App.3d 164.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8–94–19.

Decided April 27, 1995.

_____

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1408, 655 N.E.2d 187.

*James R. Goslee,* for appellee Meerhoff.

*Gregory F. Singer,* for appellee Huntington Mortgage Co.

*David R. Collins,* for appellant.

HADLEY, Judge.

Defendant-appellant, Gerald E. Schmenk, appeals from the judgment entries of the Bellefontaine Municipal Court of Logan County. The judgment entry of August 30, 1994 granted summary judgment in favor of plaintiff-appellee, Donald K. Meerhoff, the executor of the estates of Terri and Ronald Patrick, against appellant and defendant-appellee, Huntington Mortgage Company ("Huntington"). The September 22, 1994 judgment entry awarded damages of $3,060 to Meerhoff. Finally, the judgment entry of October 5, 1994 granted Huntington's summary judgment motion on its cross-claim against appellant and awarded $3,060.[1]

On November 27, 1992, the Patricks purchased real estate from Dean Williams ("Williams"). On the same day, a closing took place at Huntington National Bank and appellant acted as the settlement agent. Appellant took possession of the Patricks' warranty deed and, apparently, the mortgage from Huntington and distributed the proceeds of sale to Williams.

A contempt hearing concerning Williams took place on November 23, 1992. On November 30, 1992, the Union County Court of Common Pleas issued a judgment entry awarding Marsha Williams, Williams's ex-wife, a lien upon the real estate to

---

1. This represents the amount that Huntington "might be required to pay" to Meerhoff.

secure delinquent spousal support payments.[2] The lien was recorded in the county recorder's office on December 1, 1992. Appellant then recorded the deed and Huntington mortgage on December 3, 1992.

Upon the deaths of the Patricks, Meerhoff entered into an agreement to sell the real estate to Donald Wilson in October 1993; however, the sale was halted when Richard Hemphill, an attorney representing Wilson's bank, American Community Bank ("AmeriCom"), found the lien on the property. Hemphill advised the bank against lending money to Wilson until the lien was removed. As a result, appellant reached a $3,060 settlement with Marsha Williams.[3] The closing on the real estate then took place on December 3, 1993.

Meerhoff filed a complaint for negligence on February 3, 1994 against Huntington and appellant as agent for Huntington. Huntington filed an answer and cross-claim against appellant on March 9, 1994. After a motion to dismiss was denied, appellant filed an answer on April 5, 1994.

A pretrial order dated April 21, 1994 stated that "[a]ll parties agreed that there were few contested facts * * * and that the issues left for the [c]ourt's decision were legal issues" and ordered that all parties have a right to file summary judgment motions. All the parties then filed summary judgment motions and corresponding memorandums in opposition.

As stated previously, the judgment entry of August 30 granted Meerhoff's summary judgment motion; however, no ruling was included on that portion of Huntington's summary judgment motion pertaining to appellant. Again, the subsequent judgment entries awarded Meerhoff damages and granted Huntington's motion.

Separate appeals were filed on October 20, 1994 regarding the September 22 and October 5 judgment entries. On October 28, 1994, a journal entry from this court found that the September 22 judgment entry failed to constitute a final appealable order. An amended notice of appeal was then filed on November 4, 1994.

It is from these judgment entries that appellant asserts the following assignments of error.

---

**2.** This was a proceeding for contempt. Appellant asserts that the notice given to Williams failed to adhere to the requirements of R.C. 2705.031. Appellant attached documents from that case to his summary judgment motion. There is no summons which has the contents mandated by R.C. 2705.031 included in this record. Williams's attorney was present at the contempt hearing and we have no knowledge of any objections to the proceedings or the judgment entry.

**3.** Williams owed his wife $33,540.

## Assignment of Error No. 1

"The [t]rial [c]ourt erred in its sustaining Plaintiffs' Motion for Summary Judgment against Defendant–Appellant Schmenk by [e]ntry of August 30, 1994 * * *; the same being against the weight of the evidence and contrary to law."

## Assignment of Error No. 2

"The [t]rial [c]ourt erred in rendering [j]udgment in favor of Plaintiffs–Appellees for $3060.00 plus interest and costs; * * * such judgment being against the weight of the evidence and contrary to law."

Since appellant's first and second assignments of error are interrelated, we will consider them jointly.

Pursuant to Civ.R. 56(C), a summary judgment is properly granted when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 274.

Once a summary judgment motion is filed and supported, "an adverse party may not rest upon the mere allegations or denials of his pleadings, but * * * must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

To recover in an action for negligence, a plaintiff must establish a duty of care owed to the plaintiff, a breach of that duty, and an injury proximately caused by the breach of that duty. *Abram & Tracy, Inc. v. Smith* (1993), 88 Ohio App.3d 253, 261, 623 N.E.2d 704, 710. Under common law, "due care is that degree of care which an ordinarily reasonable and prudent person exercises, or is accustomed to exercising, under the same or similar circumstances." *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 270. When applying this standard to an individual case, a court may properly examine industry custom and practices. *Abram & Tracy, Inc., supra,* at 262, 623 N.E.2d at 710. Though it fails to "conclusively establish the legal standard of care, * * * [it] may be considered * * * as evidence to determine whether the defendant exercised ordinary care under the circumstances." *Id.*

The record includes a document signed by the Patricks which states that appellant's services, including the title search, were being performed on behalf of Huntington. The settlement statement, however, indicates that appellant was the settlement agent and that the Patricks paid the title examination fees to

appellant. Furthermore, there is no dispute that appellant kept the Patricks' deed and related mortgage for recording purposes and distributed the proceeds at the closing. Additionally, it is uncontested that the deed and mortgage were recorded six days after the closing.

Hemphill's affidavit, filed in support of Meerhoff's summary judgment motion, described the general practice for disbursing funds and recording documents in real estate transactions. The practice consists of withholding disbursement of any funds until the documents are recorded. On the other hand, disbursements may appropriately be made at closing if a title search had been completed just before the closing and recording of the documents took place immediately thereafter. Appellant sets forth no evidence to contradict this described practice.

Consequently, we find that reasonable minds could come to only one conclusion regarding appellant's duty and breach thereof.

■ Next, we consider whether Meerhoff sustained damages as a result of appellant's actions or inactions. Appellant argues that appellant's and Ameri-Com's attorneys should have determined that the "lien" had no effect. He also asserts that because title passed to Patricks on the day of closing, any interest created by the "lien" was cutoff.

A cloud on title, described in *Novogroder v. Di Paola* (1919), 11 Ohio App. 374, 378, 30 Ohio C.A.(N.S.) 421, 424, " 'is but an apparent defect * * *; the density of the cloud can make no difference in the right to have it removed. Anything of this kind that has a tendency, even in a slight degree, to cast doubt upon the owner's title, and to stand in the way of a full and free exercise of his ownership, is * * * a cloud upon his title.' "

The trial court, in the instant case, found that "[w]hile [d]efendants may well argue that the lien of the Union County Common Pleas Court was of no legal effect, it continued to create a cloud on this title." We agree. The lien constituted a cloud upon the title and Meerhoff had to take action to remove this cloud in order to sell the property to Wilson. The trial court explained the circumstances accordingly:

"Attorney Hemphill was not willing to buy such a problem for his client, and the [c]ourt cannot imagine any other responsible title examiner taking a different position. Accordingly, the [c]ourt finds that [p]laintiff acted prudently by settling the claim of Marsha Williams for approximately ten cents on the dollar, thereby avoiding the legal expenses and delays associated with further litigation."

Again, we concur with this rationale and find that appellant proximately caused Meerhoff's damages. Summary judgment was appropriately granted and appellant's first and second assignments of error are overruled.

Assignment of Error No. 3

"The trial court erred in awarding [j]udgment against Defendant–Appellant Schmenk on the [c]ross-[c]laim of The Huntington Mortgage Company for $3060.00 plus interest, fees, costs and expenses (Judgment Entry of October 5, 1994) the same being contrary to law."

In this assignment of error, appellant simply sets forth his contentions in two sentences. He fails to present any citations to case law or statutes in support of his assertions as required by App.R. 16(A)(7). We, therefore, disregard this assignment of error as allowed by App.R. 12(A)(2).

Having found no error prejudicial to the appellant, the judgments of the Bellefontaine Municipal Court of Logan County are affirmed.

*Judgments affirmed.*

EVANS and SHAW, JJ., concur.