Defendant-appellant, Aaron F. Martin, appeals the denial of his motion to suppress and his subsequent conviction for operating a motor vehicle while under the influence of alcohol.
On July 18, 1998, at approximately 1:20 a.m., Officer Phil Johnson of the Hamilton Township Police Department was traveling south on Murdock-Cazaddale Road. As appellant's vehicle approached Officer Johnson from the opposite direction, the officer observed an object fall off the vehicle. Officer Johnson had to apply his brakes to avoid the object, which was a cornstalk. Officer Johnson then proceeded to follow appellant for half a mile.
Officer Johnson testified that three to four days earlier, he had received vandalism reports on vehicles driving through cornfields. Further, Officer Johnson testified that as he followed appellant's vehicle, he observed cornstalks approximately four feet in length flying off of the vehicle. Cornstalks were under the windshield wipers, stuck in the fenders, and stuck in between the passenger side mirror and the passenger door. Officer Johnson stated that since he believed that appellant's vehicle may have been involved in vandalism, he stopped appellant.
When Officer Johnson approached appellant, he noticed a strong odor of alcohol and conducted three field sobriety tests, all of which appellant failed. In addition, appellant informed the officer that he had been drinking. Appellant was arrested and charged for operating a vehicle under the influence of alcohol in violation of R.C. 4511.19 and possession of alcohol while underage in violation of R.C. 4301.632. Appellant's license was administratively suspended in accordance with R.C. 4511.191, since his alcohol concentration was greater than .10.
On August 11, 1998, appellant pled not guilty, filed an appeal of his license suspension, and also filed a motion to suppress the evidence obtained during the stop. On September 8, 1998, the trial court heard appellant's motion to suppress. Appellant stated, "we'll admit that he [Officer Johnson] had probable cause to arrest and the test was fine (unclear); it's just the stop." Therefore, appellant asked the trial court to determine whether the stop was constitutionally valid. The only evidence presented was the testimony of Officer Johnson. On September 8, 1998, the trial court stayed appellant's administrative license suspension pending the outcome of a hearing on the merits of appellant's appeal.
On November 10, 1998, the trial court orally overruled appellant's motion to suppress. On that same date, appellant changed his plea from not guilty to no contest to the charge of driving under the influence. In exchange, the state withdrew the charge of possession of alcohol while underage.
By judgment entry filed on November 23, 1998, the trial court found "that the initial stop of Defendant was permissible under the Fourth Amendment of the United States Constitution and ArticleI, Section 14 of the Ohio Constitution." Therefore, the trial court denied appellant's motion to suppress. In the same judgment entry, the trial court convicted appellant of operating a motor vehicle while under the influence of alcohol in violation of R.C.4511.19(A) (3) and also stated "[t]he Administrative License Suspension is terminated."
Appellant filed a timely appeal and asserts one assignment of error:
 THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS AND THE APPEAL OF THE ADMINISTRATIVE LICENSE SUSPENSION.
In his sole assignment of error, appellant argues that Officer Johnson lacked a legal basis to stop him. Therefore, appellant argues that the trial court erred when it denied his motion to suppress. We disagree. In addition, appellant states that the trial court erred in denying his appeal of his administrative license suspension. However, appellant failed to address this argument in his brief or provide any case law to support this argument.
At a suppression hearing, the trial court assumes the role of fact finder and is in the best position to evaluate evidence and the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357,366, citing State v. Fanning (1982), 1 Ohio St.3d 19,20. A reviewing court is bound to accept the trial court's finding provided that it is supported by competent and credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. However, a reviewing court must determine independently as a matter of law whether the facts meet the applicable legal standard. Id.
The appropriate standard in reviewing the propriety of a traffic stop has been determined by the Ohio Supreme Court as follows: "where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid." Dayton v. Erickson (1996), 76 Ohio St.3d 3,11-12. In addition, a law enforcement officer is permitted to stop a motorist if the officer, based upon specific and articulable facts, believes that the occupant is or has been engaged in criminal activity. State v. Lively (July 7, 1997), Medina App. No. 2632-M, unreported, citing State v. Carlson
(1995), 102 Ohio App.3d 585. Determining whether a traffic stop was constitutionally valid is ascertained through an objective assessment of the officer's conduct and by reviewing the totality of the circumstances. Erickson, 76 Ohio St.3d at 6; Statev. Freeman (1980), 64 Ohio St.2d 291.
The only evidence offered at the hearing on appellant's motion to suppress was the testimony of Officer Johnson, who stated that: (1) an object fell off of appellant's vehicle in the path of his vehicle; (2) there were prior reports of vandalism in nearby cornfields; (3) there were prior reports of juveniles throwing objects out of their vehicles; (4) as he followed appellant's vehicle, cornstalks continually flew off of the vehicle into the path of the officer's vehicle; and (5) he observed cornstalks strewn all over appellant's vehicle. We find that based on the totality of the circumstances, Officer Johnson had an articulable reasonable suspicion that criminal activity, vandalism in cornfields, had been committed by the driver of the vehicle. Accordingly, Officer Johnson's stop of appellant's vehicle was constitutionally valid.
In his assignment of error, appellant further argues that the trial court erred in denying his administrative license suspension appeal. However, appellant has failed to set forth any argument or case law as to what error the trial court committed. An appellate court may disregard an assignment of error pursuant to App.R. 12(A) (2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A) (7). Meerhoff v. Huntington Mortgage Co. (1995), 103 Ohio App.3d 164,169.[1]
Based on the foregoing, we find that the trial court did not err when it found that Officer Johnson's stop of appellant was constitutionally valid. We further find that the trial court properly denied appellant's motion to suppress. Appellant's sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] We note that the trial court in its judgment entry properly terminated appellant's administrative license suspension upon the judicial imposition of criminal penalties. State v.Gustafson (1996), 76 Ohio St.3d 425.