JOURNAL ENTRY AND OPINION
Plaintiff-appellant Yuly Linetsky ("appellant") appeals from the judgment of the Cleveland Municipal Court in favor of defendant-appellee Broadway Optical ("appellee") on appellant's small claims complaint. For the following reasons, we affirm the judgment of the municipal court.
On October 5, 1998, appellant filed a small claims complaint against appellee in Cleveland Municipal Court. In his complaint, appellant asserted that he paid $172.99 to appellee for a pair of bifocal glasses. Appellant claims that his glasses never worked properly and, therefore, he demanded the return of his money.
A hearing was held before a magistrate on November 6, 1998. On February 3, 1999, the magistrate issued a decision in favor of appellee on appellant's complaint. On February 16, 1999, appellant filed objections to the magistrate's decision.
On February 25, 1999, appellant filed a premature notice of appeal from the magistrate's decision with this court. In a judgment entry filed on March 12, 1999, the municipal court denied appellant's objections to the magistrate's decision and entered judgment in favor of appellee and against appellant.
 I. THE CLEVELAND MUNICIPAL COURT ERRED IN FAILING TO FIND ANY REAL EVIDENCE IN SUPPORT OF THE MAGISTRATE'S DECISION THAT APPELLANT'S VISION FLUCTUATES DEPENDING ON HIS INSULIN LEVEL.
 II. THE COURT ERRED [IN] SUPPORTING [THE] MAGISTRATE'S DECISION THAT THE GLASSES WERE NOT THE PROBLEM[,] IGNORING APPELLANT'S TESTIMONY AND DEMONSTRATION AND BOTH THE OPHTHALMOLOGIST'S AND OPTICIAN'S CONCLUSIONS.
 III. THE COURT IGNORED APPELLEE'S BREACH OF CONTRACT AND HIS FURTHER UNLAWFUL REFUSAL TO RETURN GLASSES IN REVENGE FOR COMPLAIN[T].
 IV. PURSUANT TO CIVIL RULE 53[,] APPELLANT TIMELY FILED HIS OBJECTION TO THE MAGISTRATE['S] DECISION AND HIS ARGUMENTS HAS [SIC] BEEN WELL FOUNDED.
In his four assignments of error, appellant apparently argues that the municipal court erred in denying his objections to the magistrate's decision. We note that appellant failed to support his objections to the magistrate's report with a transcript or an affidavit of evidence as required by Civ.R. 53(E)(3)(b).
"Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Civ.R. 53(E)(3)(b) (emphasis added). "On appeal, a party may not assign as error the adoption of the magistrate's finding of fact or conclusion of law unless the party has objected to that finding or conclusion in accordance with Civ.R. 53." Glazer v. Glazer (Aug. 12, 1999), Cuyahoga App. No. 75937, unreported.
Moreover, an appellant bears the responsibility for ensuring that any portions of the transcript of the proceedings which are necessary for review, or an App.R. 9 statement, are transmitted to the court of appeals as a part of the record. App.R. 9. See also Wiltsie v. Teamor (1993), 89 Ohio App.3d 380, 386. In the absence of a complete and adequate record, an appellate court must presume the regularity of the lower court proceedings. Wellsv. Spirit Fabricating, Ltd. (1996), 113 Ohio App.3d 282, 288-289. We are unable to conduct a meaningful review of appellant's assignments of error because appellant has failed to provide this court with a sufficient record of the evidence presented to the lower court.
Finally, we note that appellant failed to present any citation to authority in support of his argument as required by App.R. 16(A)(7). See State v. Martin (Oct. 28, 1999), Cuyahoga App. No. 73456, unreported. Therefore, this court is permitted to disregard appellant's assignments of error without analysis. See Rini v.Rini (Oct. 21, 1999), Cuyahoga App. No. 74309, unreported, citingMeerhoof v. Huntington Mortgage Co. (1995), 103 Ohio App.3d 164,169.
Based upon the foregoing, we summarily overrule appellant's first, second, third and forth assignments of error. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and ANNE L. KILBANE, J. CONCUR.
 ________________________________ LEO M. SPELLACY, PRESIDING JUDGE