OPINION
{¶ 1} Appellant, June A. Clark, appeals from the October 3, 2001 judgment entry of the Portage County Municipal Court, in which she was found guilty of a violation of R.C. 4511.39.
{¶ 2} On August 31, 2000, appellant, who is a state trooper, was patrolling State Route 5. She was headed southbound at 45 m.p.h., when she observed a northbound vehicle travelling at 61 m.p.h. She decided to enter into pursuit. She checked her rearview mirror and saw a vehicle approximately 1000 feet behind her. She then activated her lights and slowed to 20 m.p.h. as she prepared to make a u-turn. To make the u-turn, she pulled off the roadway onto the adjacent berm. As she commenced to make the u-turn, her patrol car was struck by a vehicle driven by Benjamin Brown ("Brown").
{¶ 3} The accident was investigated by Sergeant Paul Newburn, Jr. ("Sgt. Newburn"). Sgt. Newburn cited Brown for failure to stop in an assured clear distance. The incident was reviewed by Lieutenant Allen Moore ("Lt. Moore") of the Ohio State Highway Patrol, Ravenna Post, in his capacity as post commander. After Lt. Moore reviewed the incident, Sgt. Newburn issued a citation to appellant for an improper lane change and voided the citation previously issued to Brown.
{¶ 4} A bench trial was held on July 20, 2001. In a July 20, 2001 judgment entry, the trial court found appellant guilty and fined appellant $25 plus costs. The record before this court indicates that appellant paid her fine on July 20 or 23, 2001. Appellant filed a notice of appeal on August 16, 2001. On October 2, 2001, this court remanded the matter to the trial court because the trial judge had not signed the judgment entry. The trial court refiled the case on October 3, 2001. On October 17, 2001, this court issued a judgment entry stating that the October 3, 2001 judgment entry appeared to be a final appealable order.[1]
{¶ 5} Appellant has filed a timely appeal from this judgment entry and makes the following two assignments of error:
 {¶ 6} "[1.] The judgment entered in the Portage County Municipal Court on July 20, 2001 whereby [appellant] was found guilty of a violation of [R.C.] 4511.39 was in error because the prosecution did not carry its burden of proof by way of presenting evidence proving [appellant's] guilt beyond a reasonable doubt.
 {¶ 7} "[2.] The judgment entered in the Portage County Municipal Court on July 20, 2001 whereby [appellant] was found guilty of a violation of [R.C.] 4511.39 was against the manifest weight of the evidence."
{¶ 8} R.C 4511.39 provides that "[n]o person shall turn a vehicle * * * upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal * * *." "`[D]ue care is that degree of care which an ordinarily reasonable and prudent person exercises, or is accustomed to exercising under the same or similar circumstances.'"Meerhoff v. Huntington Mtge. Co. (1995), 103 Ohio App.3d 164, 167, quoting Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
{¶ 9} In her first assignment of error, appellant contends that the state failed to present evidence proving appellant's guilt beyond a reasonable doubt. However, appellant herself testified at her trial that after confirming that there was a vehicle one thousand feet behind her, she did not check her rearview mirror again as she activated her lights, pulled onto the berm, slowed her vehicle to a speed of 20 m.p.h., and then commenced a u-turn.
{¶ 10} Appellant makes much of the fact that Brown failed to pull to the side of the road when appellant activated her lights. Appellant also introduced evidence at trial that Brown could have stopped his car prior to hitting appellant by a moderate to hard application of his breaks. However, this is not a case of comparative negligence. The issue before this court is whether appellant violated R.C. 4511.39, not whether Brown was at fault in causing the accident.
{¶ 11} In making a determination with respect to the sufficiency of the evidence in a criminal prosecution, this court will not reverse a verdict where there is substantial evidence from which the trier of fact could conclude that all of the elements of the offense have been proven beyond a reasonable doubt. State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 WL 738452, at 5. Here, the prosecution had to demonstrate that appellant failed to exercise due care. Although the general public is obligated to exercise appropriate caution in the presence of police or emergency vehicles when their lights and/or sirens are activated, this obligation does not obviate the need for the drivers of such emergency vehicles to exercise due care in the performance of their duties.
{¶ 12} In the instant case, we have appellant's own testimony that she was aware that Brown's vehicle was southbound on State Route 5 and only 1,000 feet behind her patrol car. She further testified that after ascertaining Brown was behind her, she slowed down to a speed of approximately 20 m.p.h., pulled off the roadway, and then, without checking the location of Brown's car, began to make a u-turn. This testimony alone provides sufficient evidence for the trial court to conclude beyond a reasonable doubt that appellant failed to exercise due care. This court would be hard pressed to imagine a scenario where a driver who has pulled off to the side of the road would be relieved of his or her obligation to check for traffic immediately prior to re-entering the roadway for the purpose of making a u-turn. Appellant did not check for traffic and was duly struck by Brown.[2]
{¶ 13} While we empathize with appellant's frustration at Brown's failure to show appropriate caution in approaching a patrol car with activated lights, we find no error on the part of the trial court with respect to the sufficiency of the evidence in this case, and, consequently, we find no merit in appellant's first assignment of error.
{¶ 14} In her second assignment of error, appellant contends that the trial court's decision was against the manifest weight of the evidence. The test for manifest weight is whether after reviewing the record, weighing the evidence, and considering the credibility of the witnesses, we determine that the trier clearly lost its way. Schlee, supra, at 5. Again, appellant's own testimony suggests that she violated R.C. 4511.39. Therefore, the trial court's decision was not against the manifest weight of the evidence, and appellant's second assignment of error is without merit.
{¶ 15} For the foregoing reasons, the October 3, 2001 judgment entry of the Portage County Municipal Court is hereby affirmed.
WILLIAM M. O'NEILL, P.J., ROBERT A. NADER, J., concur.
[1] On November 13, 2001, the state filed a motion to dismiss arguing that because appellant had been convicted of a misdemeanor and had voluntarily satisfied the judgment imposed upon her, her appeal was moot. In a December 31, 2001 judgment entry, this court ruled that the appeal was not moot because appellant suffered a collateral disability. In her capacity as a state trooper, appellant is subject to a progressive disciplinary system, and that the punishment for a subsequent disciplinary infraction could be increased as the result of her conviction in this case. Also, appellant is charged with enforcing Ohio traffic laws, and a conviction for a violation of those laws could adversely affect her opportunity for promotion.
[2] Although the trial court's decision did not address this issue, we note that appellant also failed to provide an appropriate turn signal. Her overhead and emergency lights were activated, but this did not provide other motorists with any indication that she was commencing a left turn, particularly since law enforcement vehicles are frequently parked on the side of the road with their overhead lights activated.