JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Stefan Olaru ("Olaru"), appeals the trial court's decision granting defendant-appellee, Crawford Company's ("Crawford"), motion for summary judgment. Finding no merit to the appeal, we affirm.
 {¶ 2} In 1997, Olaru was involved in an automobile accident in Tennessee. In 2003, he filed an action against Crawford alleging "discrimination and disability and illness discrimination." He claims that Crawford had a duty by an "express written automobile liability insurance and personal and property protection insurance policy", to provide him "PIP insurance benefits * * * including, but not limited to, disability benefits, lost wage payments, and medical expenses." Crawford claimed that it owed no duty to Olaru because it never issued an insurance policy to him.
 {¶ 3} The trial court granted Crawford's motion for summary judgment. Olaru appeals, raising three assignments of error, which will be addressed together and out of order where appropriate.
 Motion for Summary Judgment {¶ 4} In his first assignment of error, Olaru argues that the trial court erred when it granted Crawford's motion for summary judgment because the motion was based on allegations and assertions contained outside the pleadings, and it was not supported with proper evidentiary material or documentation. In his third assignment of error, Olaru argues that the trial court erred in determining that this matter was barred under the doctrine of res judicata.
 {¶ 5} Appellate review of summary judgment is de novo.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in Zivich v.Mentor Soccer Club, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389,696 N.E.2d 201, as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when(1) there is no genuine issue of material fact, (2) the movingparty is entitled to judgment as a matter of law, and (3)reasonable minds can come to but one conclusion and thatconclusion is adverse to the nonmoving party, said party beingentitled to have the evidence construed most strongly in hisfavor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679,1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus.The party moving for summary judgment bears the burden of showingthat there is no genuine issue of material fact and that it isentitled to judgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264."
 {¶ 6} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 7} Olaru maintains that this is a "discrimination" action. However, the language of the complaint clearly reflects a breach of contract claim. He alleges that Crawford, pursuant to an "express written automobile liability insurance and personal and property protection insurance policy," had a duty to provide him "PIP insurance benefits * * * including, but not limited to, disability benefits, lost wage payments, and medical expenses."
 {¶ 8} Crawford claims that it did not issue an insurance policy to Olaru, thus it has no duty to pay benefits to him. Crawford also claims that Olaru's cause of action is barred by collateral estoppel.[1]
 {¶ 9} Summary judgment was properly granted because Crawford did not issue Olaru an insurance policy. In support of its motion for summary judgment, Crawford attached the affidavit of William W. Gahr, its service center manager, who stated that Crawford is not in the business of issuing insurance policies, rather, it "manages and administers claims on behalf of insurance companies and self insured entities." Olaru has failed to provide any contract or documentation which would create a genuine issue of material fact that Crawford issued him an insurance policy. In fact, the documentation attached to Olaru's brief in opposition to summary judgment clearly indicates that Crawford did not issue any insurance policies. Rather, the documentation shows that Reliance National Indemnity Company and Lloyd's Underwriters and British companies were the insurance providers.
 {¶ 10} Therefore, the trial court did not err in granting Crawford's motion for summary judgment because no genuine issues of material fact existed which would demonstrate that Crawford issued an insurance policy to Olaru. Having found that summary judgment was properly granted, we need not address the collateral estoppel claim.
 {¶ 11} With regard to Olaru's third assignment of error, the record does not support Olaru's contention that the trial court granted Crawford's motion under the doctrine of res judicata.
 {¶ 12} Accordingly, Olaru's first and third assignments of error are overruled.
 Court Notification {¶ 13} In his second assignment of error, Olaru argues that the court of common pleas incorrectly notified him by telephone on April 1, 2004 to file his motion for summary judgment before April 8.
 {¶ 14} "An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7)." State v. Martin (July 12, 1999), Warren App. No. CA99-01-003, citing Meerhoff v. Huntington MortgageCo. (1995), 103 Ohio App.3d 164, 169, 658 N.E.2d 1109. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), Summit App. Nos. 18349 and 18673. Because Olaru has failed to cite legal authority or to make any argument, this court will not address the second assignment of error.
 {¶ 15} Accordingly, the second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J. and Sweeney, J.* concur.
*Sitting by assignment, Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.
[1] Olaru filed a previous action in Tennessee against Caliber Systems, Inc. and in Michigan against FedEx Custom Critical, Inc., fka Caliber Systems, Inc. Each complaint asserted allegations similar to the instant complaint. A Tennessee jury found in favor of Caliber Systems and was subsequently affirmed on appeal. See, Olaru v. Cooper (July 25, 2001), Tenn., Eastern Section at Knoxville App No. E2001-00243-COA-R3-CV.
The Michigan court held that the action against FedEx Custom Critical was barred by res judicata because of the Tennessee action. The decision was recently affirmed by the Michigan Court of Appeals. See, Olaru v. FedEx Custom Critical, Inc. (Oct. 14, 2004), Mich. App. No. 248190.