JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff Discover Financial Services, Inc. issued a Discover credit card to defendant Randy Belmont. When Belmont failed to make any payments on the $9,504.95 credit balance, Discover brought this breach of contract action. Belmont proceeded under a theory that Discover had not incurred provable damages under the credit card agreement. He likened his case to that of a bank which receives a deposit from a customer — even though a bank lists the deposit as an asset, that same deposit is likewise listed as a liability on the bank's books because the customer has the right to receive the proceeds of the deposit upon demand. He reasoned that the off-setting asset/liability accounting meant that Discover suffered no discernable loss. The court rejected this and all other arguments offered by Belmont and granted summary judgment.
 {¶ 2} Pursuant to Civ.R. 56(C), the court shall not grant summary judgment unless, having construed the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. We review summary judgments de novo, with no deference to the court. Mitnaul v. Fairmount PresbyterianChurch, 149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27.
 {¶ 3} The court correctly granted summary judgment as there is no issue of material fact and reasonable minds could come to but one conclusion adverse to Belmont. There is no evidence disputing Belmont's debt to Discover. Discover appended to its motion copies of current statements, none of which Belmont could refute as being inaccurate. Instead, Belmont tried to show that Discover fraudulently induced him to enter into the credit card agreement with the lure of easy credit, but we reject that argument. Belmont apparently transferred the balance of a different credit card over to the Discover card, and then made additional purchases on credit. He has no colorable claim to being induced into using the Discover card.
 {¶ 4} We also reject Belmont's argument that Discover did not suffer any damages. While it is true that Discover did not "loan" Belmont any funds, the fundamental nature of revolving credit such as that utilized in this case means that Discover suffered a loss of interest and fees as provided by the credit card agreement. Indeed, Belmont's arguments appear to be nothing more than a smoke screen to hide his own lack of financial accountability. The facts show that he voluntarily entered into the credit card agreement and took advantage of that agreement. He offers no explanation for failing to abide by the agreement, and none is even suggested by the record, short of his insinuation that he did not actively seek the credit card but had been solicited by Discover. This argument might have some merit but for Belmont having taken affirmative steps to activate and use the credit card. So regardless whether he solicited the card or not, he used it and in doing so, bound himself to the terms of the credit card agreement.
 {¶ 5} Belmont makes other statements in his assignments of error relating to the court refusing to grant his motion to compel discovery and the court's comments which he believes showed a lack of impartiality. None of these "assignments of error" were separately argued in the brief as required by App.R. 12(A)(2) and 16(A)(7) so we disregard them. Meerhoff v.Huntington Mtge. Co. (1995), 103 Ohio App.3d 164, 169.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and McMonagle, J., Concur.