JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Bennie Anderson appeals from his conviction on one count of failure to comply with an order of a police officer and one count of criminal damaging. In this pro se appeal,[1] appellant complains that the court erred by (1) failing to merge the offenses, (2) refusing to allow him to impeach a state witness with prior inconsistent testimony, (3) allowing a police officer to sit at the state's trial table despite granting a motion for separation of witnesses, (4) allowing inflammatory pictorial evidence, and (5) denying him the opportunity to present the contents of a psychiatric evaluation to the jury.[2] We find no error in any respect and affirm.
 {¶ 2} There were initial questions concerning appellant's competency to stand trial, and the court made two different referrals for a competency evaluation. In light of a report which found him competent, appellant conceded that he was *Page 4 
competent to stand trial. Appellant waived his right to counsel and elected to try the case pro se, with assistance from standby counsel.
 {¶ 3} The evidence showed that police officers on patrol pulled alongside appellant's car at a red traffic signal. Appellant stared at the officers for about five seconds before nonchalantly turning his head to face forward and then accelerating through the red traffic signal. The officers pursued appellant, pulling up behind him and activating their signal lights and their manual "wail" siren. Appellant ignored the signal and turned onto a side street, proceeding at about 20 miles per hour. As he drove, he made hand signals which the officers could not interpret. The officers ran the plates on appellant's car and discovered that he had numerous outstanding warrants. They activated "full take-down sirens." Appellant flicked a cigarette out the window of his car, made a hand gesture toward the officers and sped away. He drove recklessly, nearly striking parked cars. The officers broke off the chase for safety purposes, but continued to observe appellant as he drove away from them, noting that the car swerved as he drove. The officers then saw appellant crash into the front porch of a house. He was apprehended while trying to flee from the scene.
 I {¶ 4} The first assignment of error complains that the court erred when it overruled appellant's motion to join for trial the single count of escape charged in *Page 5 
CR-464328. He maintains that the charges in both cases are based on a series of connected transactions constituting parts of a common scheme or plan.[3]
 {¶ 5} The court did not abuse its discretion by refusing to join the separate indictments together for trial. Crim.R. 13 allows two indictments to be tried together if the offenses could have been joined in a single indictment. Offenses may be joined for trial pursuant to Crim.R. 8 if they are "of the same or similar character," or "based on two or more acts or transactions connected together or constituting parts of a common scheme or plan" or "are part of a course of criminal conduct."
 {¶ 6} The indictment in CR-464328 charged that appellant failed to report to his parole officer starting in December 2004.[4] That indictment bore no relation whatsoever to the failure to comply and criminal damaging charges raised in CR-464929, that arose on March 25, 2005. The charged offenses were of a completely different character and were not based on a common scheme or plan.
 II *Page 6 {¶ 7} Appellant next argues that the court erred by refusing to allow him to examine a police officer on prior inconsistent testimony the officer gave during a preliminary hearing concerning the distance over which the officer and his partner followed appellant before appellant crashed his car.
 {¶ 8} During cross-examination of the police officer, appellant asked the officer if he wrote in his report that the officers followed appellant for eight to 10 miles. The officer questioned the referenced distance and concluded that his partner must have written that distance in his report. Appellant then showed the officer the transcript of the preliminary hearing which showed that the same officer testified that he and his partner followed appellant for "eight to 10 miles" and "radioed Vice." The officer denied saying those words because that distance would have covered "half the city." He also denied calling the vice squad because the offenses committed by appellant did not involve any offenses within the purview of the vice squad. The officer did say, however, that "I'm not arguing with you. I see it in there [the transcript] but I did not say that."
 {¶ 9} Although the court then said "[n]ext question," it appeared to have done so because appellant had spent two full transcript pages exploring this matter. The court has discretion to limit the scope of cross-examination, and likewise has discretion to preclude tedious and repetitive cross-examination. See State v. Green, 66 Ohio St.3d 141,147, 1993-Ohio-26. Appellant made the point that the officer testified inconsistently with his testimony in the preliminary hearing. Having made *Page 7 
this point, appellant cannot complain that the court unfairly limited his cross-examination when it acted to prevent unnecessary repetition.
 III {¶ 10} Appellant next argues that the court erred by permitting Detective Riedthaler to sit at the state's trial table despite calling for a separation of witnesses.
 {¶ 11} The purpose of separation of witnesses is to ensure that a witness cannot hear the testimony of the other witnesses. See Evid.R. 615. That rule does not, however, authorize exclusion of "an officer or employee of a party which is not a natural person designated as its representative by its attorney * * *." See Evid.R. 615(B)(2). We have held that "it is not an abuse of discretion to allow the officer in charge of a case to remain in court and advise counsel for the prosecution even though the officer testifies in the case." See State v. Waltz (June 30, 1983), Cuyahoga App. No. 45657, citing State v. Collins (Mar. 30, 1978), Cuyahoga App. No. 37333.
 {¶ 12} Although the state listed Detective Riedthaler as a possible witness in the case, the detective did not testify at trial. Since he was not used as a "witness," his presence at the trial table did not compromise any of the purposes of Evid.R. 615.
 IV {¶ 13} Appellant next argues that the court erred by refusing to allow him to introduce the competency report prepared prior to trial. At trial, he maintained that *Page 8 
his failure to comply had been the result of duress brought about by his "paranoid personality," and wished to use the psychiatric report as evidence of his personality.
 {¶ 14} We overrule this assignment of error because the record shows that prior to trial appellant, after consultation with his attorney (defense counsel had not yet been removed), stipulated to his competency. Having done so, he could not "offer expert psychiatric testimony, unrelated to the insanity defense, to show that [he] lacked the mental capacity to form the specific mental state required for a particular crime or degree of crime." State v. Wilcox (1982),70 Ohio St.2d 182, paragraph two of the syllabus.
 V {¶ 15} In his final assignment of error, appellant argues that the court erred as a matter of law by admitting into evidence "inflammatory" pictorial evidence because that evidence associated him with uncharged offenses.
 {¶ 16} We overrule this assignment of error because it has not been separately argued as required by App.R. 16(B)(7). Appellant's entire argument for this assignment of error states, "[t]he best argument is a look at the photos."[5] This *Page 9 
statement does not indicate exactly what uncharged offenses were depicted in the photographs and we perceive no colorable basis for finding any.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR
[1] Although two different appellate attorneys were appointed to represent appellant on appeal, appellant filed his own "supplemental" assignments of error which we struck from the record. Both attorneys separately filed briefs on appellant's behalf; however, appellant asked that they withdraw from the appeal. We subsequently granted appellant's request that these attorneys be removed from the appeal and their briefs be stricken. See motion nos. 390276 and 394810. We then granted appellant's motion to reinstate his supplemental brief as the principle assignments of error. See motion no. 394812.
[2] Appellant also purported to "incorporate" into this appeal 12 assignments of error that he filed in appeal no. 87828 (CR-464328). Those assignments of error were addressed separately in appeal no. 87828. Cf. Morris v. State, Cuyahoga App. No. 80839, 2002-Ohio-5975.
[3] Appellant fails to support all but the fourth assignment of error with citation to legal authority as required by App.R. 16(A)(7). App.R. 12(A)(2) allows us to disregard this assignment of error. Meerhoff v.Huntington Mtge. Co. (1995), 103 Ohio App.3d 164, 169. Nevertheless, we have undertaken an independent review of the assignments of error.
[4] In 1986, a jury found appellant guilty of felonious assault, aggravated arson and aggravated burglary in CR-203616. The felonious assault count contained a firearm specification. The court sentenced appellant to a total of five to 25 years in prison, with a three-year term of actual incarceration to run consecutive to the three counts. Appellant was paroled on January 26, 2004, and the terms of his parole required him to report to his parole officer on a monthly basis.
[5] The photographs show appellant's car and the damage caused to the porch of the house as a result of the car's collision with the house. They are neither gruesome nor inflammatory, nor did their admission into evidence result in unfair prejudice to appellant which substantially outweighed its probative value. See Evid.R. 403(A) and (B). *Page 1