[Cite as *Cleveland Hts. v. Reid*, 2011-Ohio-5839.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No.   96402

## CITY OF CLEVELAND HEIGHTS

PLAINTIFF-APPELLEE

vs.

## TOBIAS R. REID

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cleveland Heights Municipal Court
Case Nos. CRB 1002414 and TRD 1016321

**BEFORE:**   E. Gallagher, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   November 10, 2011

**FOR APPELLANT**

Tobias R. Reid, Ph.D., pro se
1586 Larchmont Drive
Cleveland, Ohio   44110


**ATTORNEYS FOR APPELLEE**

John Gibbon
Law Director
By:   Brendan D. Healy
Assistant Director of Law
And:   Elizabeth Cullivan
Legal Intern
City of Cleveland Heights
40 Severance Circle
Cleveland Heights, Ohio   44118

Kim T. Segebarth
City Prosecutor
City of Cleveland Heights
40 Severance Circle
Cleveland Heights, Ohio   44118


EILEEN A. GALLAGHER, J.:

{¶ 1}   Defendant-appellant, Tobias R. Reid, appeals his convictions entered in the city of Cleveland Heights Municipal Court.   Appellant argues that those convictions were against the manifest weight of the evidence.   For the following reasons, we affirm the judgment of the trial court.

{¶ 2}   Appellant was arrested on December 13, 2010 and charged with resisting

arrest in violation of R.C. 2921.33(A), disorderly conduct in violation of Section 509.03 of the Codified Ordinances of the City of Cleveland Heights, and walking in the roadway in violation of Section 371.05 of same. Appellant pled not guilty to the charges, and the case proceeded to a bench trial on February 10, 2011. At trial, Cleveland Heights police officer James Hood testified that on December 13, 2010 at 3:45 a.m. it was snowing heavily and that he was traveling northbound on Taylor Road near the intersection of Taylor and Greyton when he observed appellant walking southbound in the center of the northbound curbside lane, approximately ten to 15 feet from the curb, and that he was wearing dark clothing. Portions of the sidewalks along Taylor had been cleared, and Officer Hood stopped his patrol car to ask appellant to walk on the sidewalk or "at least get out of the middle of the road and proceed more towards the curb." (Tr. 5.)

{¶ 3} Appellant initially ignored Officer Hood and he then exited his vehicle to confront appellant. At that time, appellant began using vulgarities and screaming at the officer and refused to show him any identification. Eventually appellant confronted him face to face with balled fists. Officer Hood radioed for backup, and appellant began to walk away. Officer Hood testified that he placed appellant under arrest for disorderly conduct when he began yelling vulgarities and became threatening to him. Appellant was uncooperative in being arrested and swung his arm in a manner that required Officer Hood to avoid being struck. Officer Hood took appellant to the ground and handcuffed him with the help of a responding officer.

{¶ 4}  Appellant initially testified that he was not walking in the street.  (Tr. 39.) He later testified that he *was* walking in the street, stating, "[n]ow at that point I was walking in the street.  The city sidewalks had not been plowed, nor had the side street been plowed by the city of Cleveland Heights.  The officer approached me and he approached me with a tone of 'hey you, get over here.'"  (Tr. 40.)  When asked to clarify this inconsistency, appellant testified that he was not walking in the street when Officer Hood approached him, but was later walking in the street while crossing Greyton.  (Tr. 57.)

{¶ 5}  Appellant's version of events differed significantly from Officer Hood's testimony.  Appellant denied using vulgar language with Officer Hood and testified that Officer Hood kicked the cart that he was pulling and made racist comments.  He also testified that Officer Hood kicked his legs out from under him.

{¶ 6}  The trial court found appellant not guilty of resisting arrest and guilty of disorderly conduct and walking in the roadway.   The trial court imposed a $35 fine for disorderly conduct and a $25 fine for walking in the roadway.  Appellant brought the present appeal raising the following four assignments of error:

{¶ 7}   I.  "The trial court erred in finding Defendant Tobias R. Reid, Ph.D. not guilty of resisting arrest and guilty of walking in the street and disorderly conduct."

{¶ 8}   II.  "The trial court erred accepting Officer James Hood's inconsistent testimony as to the exact location of Defendant when asked for identification."

{¶ 9} III. "The conviction of walking in the street is against the manifest weight of the evidence."

{¶ 10} IV. "The trial court erred in convicting Defendant Dr. Tobias R. Reid, Ph.D. of disorderly conduct as defendant['s] conduct was in the ordinary course of law."

{¶ 11} We begin by noting that appellant has failed to cite to any legal authority to support any of his assignments of error. An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument, as required by App.R. 16(A)(7). *State v. Martin* (July 12, 1999), Warren App. No. CA99-1-03, citing *Meerhoff v. Huntington Mtge. Co.* (1995), 103 Ohio App.3d 164, 658 N.E.2d 1109; *Siemientkowski v. State Farm Ins.*, Cuyahoga App. No. 85323, 2005-Ohio-4295. "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone* (May 6, 1998), Summit App. Nos. 18349 and 18673.

{¶ 12} Although appellant's failure to cite to any legal authority allows this court to disregard his arguments, App.R. 12(A)(2) and App.R. 16(A)(7), we find it to be in the best interest of the parties to address the sole legal issue raised in appellant's brief; that his conviction for walking in the street was against the manifest weight of the evidence.

{¶ 13} Section 371.05 of the Codified Ordinances of the City of Cleveland Heights provides in relevant part:

"(a) Where a sidewalk is provided and its use is practicable, no pedestrian shall walk along and upon an adjacent roadway."

"(b)    Where a sidewalk is not available, any pedestrian walking along and upon a highway shall walk only on a shoulder, as far as practicable from the edge of the roadway."

"(c)    Where neither a sidewalk nor a shoulder is available, any pedestrian walking along and upon a highway shall walk as near as practicable to an outside edge of the roadway, and, if on a two-way roadway, shall walk only on the left side of the roadway."

{¶ 14} In evaluating a challenge based on manifest weight of the evidence, a court sits as the thirteenth juror and intrudes its judgment into proceedings that it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury that has "lost its way." *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. As the Ohio Supreme Court declared:

"Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'

" * * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.   The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."   (Internal citations omitted.)   Id. at 387.

{¶ 15} This court is mindful that weight of the evidence and the credibility of witnesses are primarily for the trier of fact, and a reviewing court must not reverse a

verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proven the offense beyond a reasonable doubt. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, at paragraphs one and two of the syllabus. The goal of the reviewing court is to determine whether a new trial is mandated. A reviewing court should only grant a new trial in the "exceptional case in which the evidence weighs heavily against a conviction." (Internal citations omitted.) *State v. Lindsey*, 87 Ohio St.3d 479, 2000-Ohio-465, 721 N.E.2d 995.

{¶ 16} In reviewing the entire record of the case sub judice, we cannot say that the trial court lost its way in convicting appellant of walking in the roadway. The trier of fact is in the best position to weigh the evidence and the credibility of witnesses. As the reviewing court, we find that the trier of fact could reasonably conclude from the substantial evidence presented that the state had proven the charge of walking in the street beyond a reasonable doubt. Accordingly, we cannot find that the trial court lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered.

{¶ 17} Appellant's assignments of error are overruled.

{¶ 18} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common

pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, J., CONCUR