**Pasipanki v. Morton**
**Case No. 1813**

**Medina County, (9th)**
**Decided February 21, 1990**
[Cite as 1 AOA 319]

*Don C. Iler, Attorney at Law, 1640 Standard Bldg., Cleveland, OH 44113 for Plaintiffs.*

*George W. Lutjen, Attorney at Law, 1700 Midland Bldg., 101 Prospect Ave., W., Cleveland, OH 44115 for Defendants.*

CACIOPPO, P. J.

Adrienne Pasipanki was injured when the vehicle in which she was a passenger collided with another vehicle. Richard Morton was operating the other vehicle. Both Pasipanki and the driver filed causes of action. The cases were consolidated. Morton, the insured of Cincinnati Insurance Company, settled with the driver for her claims. Morton could not reach a settlement with Pasipanki, and that case proceeded to a jury trial. The jury awarded to Pasipanki, a verdic against Morton in the amount of $35,000.

Morton appealed that judgment to this court, asserting that the trial court erred in dismissing the driver as a third party defendant. While that appeal was pending, Pasipanki filed a supplemental complaint pursuant to R.C. 3929.06. Pasipanki subsequently amended the supplemental complaint to include a second cause of action that alleged the Cincinnati Insurance Company acted in bad faith in failing to pay the judgment.

Cincinnati Insurance tendered payment to Pasipanki with a request for release of all claims. Pasipanki refused to dismiss the cause in bad faith. Despite Pasipanki's refussal, Cincinnati Insurance paid the judgment plus interest, and the trial court acknowledged through a journal entry that the judgment was satisfied.

Cincinnati Insurance sought summary judgment on the bad faith claim. The trial court denied summary judgment and the case proceeded to a jury trial. The jury returned a verdict for Cincinnati Insurance.

Pasipanki appeals.
Cincinnati Insurance cross-appeals.

*CINCINNATI INSURANCE CO.'S*
*ASSIGNMENT OF ERROR I*
"A. The trial court erred in not granting Cincinnati Insurance Company's (hereafter Cincinnati) motion for a summary judgment and for a directed verdict since no cause of action in bad faith exists in Ohio in favor of an injured party and against the insurance carrier of the tortfeasor.
"B. At the close of Pasipanki's case the evidence construed most favorably as to Pasipanki could lead reasonable minds to but one conclusion and that conclusion is adverse to Pasipanki. Cincinnati's motion for a directed verdict should have been granted."

Cincinnati Insurance contends that the trial court erred in allowing the cause in bad faith to go to the jury. Cincinnati Insurance argues that no cause of action exists in Ohio where an injured party may seek damages for bad faith against the tortfeasor's insurance carrier.

This court has previously stated that:

"* * *.
"[a]n insurance company has a duty to act in good faith in settling claims and a breach of that duty will give rise to a cause of action by the insured. *Centennial Ins. Co.* v. *Liberty Mut. Ins. Co.* (1980), 62 Ohio St. 2d 221, 222. However, this duty runs only from the insurer to the insured, not to third parties. *Hoskins* v. *Aetna Life Ins. Co.* (1983), 6 Ohio St. 3d 272; *D.H. Overmyer Telecasting Co.* v. *American Home Assurance Co.* (1986), 29 Ohio App. 3d 31."
*Bean* v. *Metropolitan Property and Liability Ins. Co.* (Oct. 26, 1988), Summit App. No. 13543, unreported. See, also, *Chitlik* v. *Allstate Ins. Co.* (1973), 34 Ohio App. 2d 193.

A third party has no cause of action for bad faith against the tortfeasor's insurance company.

At the time the trial court recognized satisfaction of Pasipanki's judgment, there remained no justiciable cause of action alleged in Pasipanki's amended supplemental complaint. Therefore, the trial court erred as a matter of law in denying Cincinnati Insurance Company's summary judgment motion.

The assignment of error has merit.

### PASIPANKI'S ASSIGNMENT OF ERROR

"1. Where a casualty insurance company refuses to pay a jury verdict to a blameless passenger of an automobile injured by the negligence of its own insured on the grounds that the driver of the car in which the passenger was riding was contributorily negligent, thus entitling the insurance company to contribution, the trial court's refusal to instruct the jury at the bad faith trial on the law of contributory negligence is prejudicial error.

"2. When a casualty insurance company claims that its refusal to pay a verdict to the passenger in a vehicle struck head-on by its own insured who was left-of-center on the basis that the insurer claimed a right of contribution from the driver of the vehicle it struck for alleged contributory negligence, it is reversible error for a trial court to forbid testimony by claims adjusters, claims supervisors, home office supervisors and corporate officers of the insurance company regarding corporate knowledge of the laws of contributory negligence and contribution among joint tortfeasors.

"3. Where a casualty insurance company claims that is refusal to pay a jury verdict to a blameless passenger was done in good faith, and offers testimony regarding facts and circumstances existing prior to the verdict in support of its position not to pay, it is error for a trial court to forbid inquiry into the insurance company's pre-trial knowledge and evaluation of the case either by testimony or in documents produced on discovery.

"4. Testimony by an insurance company attorney that the insured was acquitted on traffic charges stemming from the collision, offered in support of the insurance carrier's position in a bad faith case, is so pre-judicial as to poison the minds of a jury beyond reasonable expectation of cure by appropriate instructions. In such a case, it is error for a trial court to overrule a motion for mistrial.

"5. The trial court erred to the prejudice of the appellant in permitting the admission of evidence of a settlement by appellees of their claim for contribution against another insurance company.

"6. Where counsel repeatedly argues facts not in evidence in closing argument and the court permits the same to occur over repeated objection from opposing counsel, the net effect is the denial of a fair trial and constitutes reversible error."

"7. The court's instruction to the jury on the subject of bad faith was erroneous and constituted reversible error."

Pasipanki alleges that the trial court erred in exercising that court's discretion in admitting evidence, in denying a mistrial, and in instructing the jury.

Even if this court could find that the trial court erred, such error would not be to the prejudice of Pasipanki. Pasipanki had no cause of action in bad faith against Cincinnati Insurance Company. The assignments of error are overruled.

Cincinnati Insurance Company is entitled to summary judgment as a matter of law. Therefore, the judgment for Cincinnati Insurance Company is affirmed. The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court to carry this judgment into execution.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

BAIRD, J., CIRIGLIANO, J. Concur.