[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On April 22, 1999, plaintiff-appellant Jimmy Johnson filed a two-count complaint against defendant Charlotte Ray and defendant-appellant Allstate Insurance Company. In the first count, Johnson alleged that he was injured as a direct and proximate result of Ray's negligent operation of her car. Johnson further alleged in count two that Ray's insurance company, Allstate, lacked good faith when making its settlement offers to Johnson. A summons was issued by certified mail to Allstate and to Ray. Before Allstate or Ray answered or otherwise responded, Johnson filed a Civ.R. 55(A) motion for default judgment against them. Thereafter, Allstate filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted, and Ray filed a Civ.R. 6(B) motion for leave to file an answer out of time. After a hearing, the trial court denied Ray's motion to file an answer out of time and entered a default judgment against her. The court, however, granted Allstate's motion to dismiss because it concluded that no viable claim separately existed against Allstate. Johnson has appealed the dismissal of his claim against Allstate, asserting two assignments of error that we address together because they raise related issues.
Johnson contends that the trial court erred in denying his motion for a default judgment against Allstate and his motion to strike Allstate's motion to dismiss, because Allstate failed to answer or otherwise plead within the statutory period. Johnson also contends that the trial court erred by granting the motion to dismiss, because public policy and case law supported his claim of bad faith against Allstate. We do not agree.
In Ohio, an insurance company has a duty to act in good faith in settling claims,[1] but that duty runs only from the insurer to the insured, not to unintended third parties.[2] It is possible for an injured third party to maintain a cause of action against the tortfeasor's insurance company only if, after obtaining a judgment against the insured, the injured party proceeds against the insurer as authorized by statute.[3] Here Johnson brought an action directly against the alleged tortfeasor, Ray, and her insurer, Allstate, at the same time. There is nothing in the record demonstrating that Johnson was an intended third-party beneficiary under the terms of Ray's insurance contract with Allstate. As a result, we conclude that the trial court did not err in determining that Johnson did not have a justiciable cause of action against Allstate at the time it granted Allstate's motion to dismiss. Furthermore, we conclude that the trial court did not err in determining that, despite the untimeliness of Allstate's motion, default judgment was wholly inappropriate because no viable claim against Allstate existed. We, therefore, overrule Johnson's first and second assignments of error.
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
PAINTER, P.J., SUNDERMANN and WINKLER, JJ.
To the Clerk:
Enter upon the Journal of the Court on January 26, 2000 per order of the Court _______________________________.
Presiding Judge
[1] See Centennial Ins. Co. v. Liberty Mut. Ins. Co. (1980),62 Ohio St.2d 221, 222, 404 N.E.2d 759, 761.
[2] See Grant Thornton v. Windsor House, Inc. (1991), 57 Ohio St.3d 158,161, 566 N.E.2d 1220, 1223; Pasipanki v. Morton (1990),61 Ohio App.3d 184, 185, 572 N.E.2d 234, 235.
[3] See R.C. 3929.06; Chitlik v. Allstate Ins. Co. (1973),34 Ohio App.2d 193, 198, 299 N.E.2d 295,298.