JOURNAL ENTRY AND OPINION
{¶ 1} Homeowners Ronald and Sara Siemientkowski ("the Siemientkowskis") appeal from an order of the trial court that granted summary judgment to third party insurer State Farm Fire and Casualty Company ("State Farm"), and granted judgment on the pleadings to their insurer, State Automobile Insurance Company ("State Auto"). They claim material questions of fact precluded the granting of these motions, that incomplete discovery barred the court from entering an order, that the court erroneously dismissed the insurance companies, and that the court failed to rule on both their motion to amend/supplement their complaint and their motion to strike. State Auto cross-appeals and claims error in the court's failure to find that the Siemientkowskis are barred from suing for negligence and in failing to hold that a bad faith claim was not properly pled. We affirm.
 {¶ 2} The record reveals that in July 1999, the Siemientkowskis purchased a newly constructed home from Moreland Homes on Gloria Avenue in North Ridgeville. Simultaneous with their move into the home, the Siemientkowskis purchased a home owners' insurance policy from State Auto with coverage beginning on the date of the move.
 {¶ 3} Shortly after moving into their new residence, the Siemientkowskis allege that they began experiencing various unexplained health problems. In February 2000, their next-door neighbor, Theresa Workman, advised them of an accident prior to their purchase of the home. She told the Siemientkowskis that during construction, Moreland Homes unearthed her fifty-year-old private septic system and crushed the leach-bed which then discharged sewage onto the Siemientkowskis' property. Believing this construction accident to be the source of their health problems, the Siemientkowskis contacted Moreland Homes, the City of North Ridgeville, and others. After receiving no acceptable response from any of the contacted parties, in March 2002 the Siemientkowskis sent a letter to State Auto serving as notification of their intent to "cease to inhabit" the Gloria Road property.
 {¶ 4} In their letter to State Auto, the Siemientkowskis cited health reasons for prompting the move, notified the insurer that they had moved into an extended stay facility in Westlake, and simultaneously submitted a claim for loss of use of the property. Later that same month, the Gloria Road property was inspected and test results revealed the presence of both E.coli and fecal coliform bacteria in the ground water.
 {¶ 5} In May 2002, the Siemientkowskis filed suit against Moreland Homes and thirty-five other defendants for problems associated with their home, in case number CV-02-471206. They did not, however, bring claims against either their own insurer, State Auto, or Ms. Workman's insurer, State Farm.
 {¶ 6} In June 2002, shortly after the initial suit was filed, State Auto denied the Siemientkowskis' claim for loss of use and cited to the following language in the homeowners' policy:
"COVERAGE A-DWELLING
COVERAGE B-OTHER STRUCTURES
We insure against risks of direct loss to property as described in Coverages A and B only if that loss is a physical loss to property; however, we do not insure loss:
* * *
2. Caused by:
* * *
F. (5) Release, discharge or dispersal of contaminants or pollutants * * *."
It then cited to the loss of use provision that states:
"Coverage D-Loss of Use
1. If a loss covered under this Section makes that part of the residence premises where you reside not fit to live in, we cover, at your choice, either [Additional Living Expense or Fair Rental Value]."
 {¶ 7} State Auto claimed that since the underlying loss was not covered, then their claim to recover from that loss likewise failed.
 {¶ 8} On January 28, 2004, a year and a half after State Auto denied their claim, the Siemientkowskis filed suit against both State Farm and State Auto, seeking damages in excess of $360,000. State Auto moved for a judgment on the pleadings and claimed that the suit was not filed within the required "one year from the date of loss," citing the applicable policy requirements as follows:
"SECTION I-CONDITIONS
* * *
8. Suit Against Us. No action can be brought, unless the policy provisions have been complied with and the action is started within one year after the date of loss."
 {¶ 9} State Farm then moved for summary judgment claiming that the Siemientkowskis were not third party beneficiaries of the policy issued to Ms. Workman and, therefore, they lacked standing to bring such a claim. The trial court granted both motions. The Siemientkowskis appeal in the assignments of error set forth in the appendix to this opinion. State Farm cross-appeals, and its assignments of error are also set forth in the appendix to this opinion.
I. CLAIMS AGAINST STATE FARM
 {¶ 10} In their first, second, and ninth assignments of error, the Siemientkowskis claim error in the court's award of summary judgment to State Farm for dismissing State Farm without a liability determination and for granting summary judgment before completion of discovery.
 {¶ 11} Appellate review of summary judgment is de novo.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. In Zivich v. Mentor Soccer Club,82 Ohio St.3d 367, 369-370, 1998-Ohio-389, the Ohio Supreme Court set forth the appropriate test as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679,1995 Ohio 286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 292-293, 1996 Ohio 107, 662 N.E.2d 264."
 {¶ 12} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359,1992-Ohio-95.
 {¶ 13} In order to bring a valid claim against a claimant's insured, the Siemientkowskis must satisfy the requirements under R.C. 3929.06. This statute, entitled: "Rights of judgment creditor of insured tortfeasor; binding legal effect of judgment between insurer and insured," states in pertinent part:
"(A) (1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment. (2) If, within thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor. (B) Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section."
 {¶ 14} This same pronouncement was echoed in the homeowners' insurance policy issued by State Farm in Section II-Conditions. The policy states in pertinent part:
"6. Suit Against Us. No action shall be brought against us unless there has been compliance with the policy provisions. No one shall have the right to join us as a party to an action against an insured. Further, no action with respect to Coverage L shall be brought against us until the obligation of the insured has been determined by final judgment or agreement signed by us."
 {¶ 15} Although their argument is often intertwined with their claim of bad faith, the Siemientkowskis assert that the State Farm policy imposes two responsibilities: the duty to indemnify and the duty to defend. They further claim that since State Farm was aware of Ms. Workman's voluntary admission of liability with regard to the seepage of her septic system, it had an absolute duty to settle the Siemientkowskis' claim.
 {¶ 16} Ohio law is clear that an injured party cannot directly sue the insurer of a tortfeasor because the injured party is not a third-party beneficiary of a liability insurance contract. Chitlik v. Allstate Ins. Co. (1973),34 Ohio App.2d 193. In accord with both the statute and with case law, since the Siemientkowskis failed to first obtain a judgment against Workman, they could not recover against her insurer. See, D.H.Overmyer Telecasting Co., Inc. v. American Home Assurance Co.
(1986), 29 Ohio App.3d 31.
 {¶ 17} Although the Siemientkowskis additionally allege that State Farm was obligated to settle their claim, a cause of action only arises against an insurer for failing or refusing to settle a claim brought against the insured for an amount within the policy limits, "so as to entitle the insured to recover for the excess of the judgment over the policy limit [if the insurer has] been [found] guilty of * * * bad faith." Hart v. Republic Mut.Ins. Co. (1949), 152 Ohio St. 185, 187-188. "[I]mplicit in bringing an action against an insurer for bad faith with respect to settling a claim within policy limits, is a requirement that there be an excess judgment against the insured." Romstadt v.Allstate Ins. Co. (C.A.6, 1995), 59 F.3d 608, 611, citingHart, 152 Ohio St. at 187-188. "Where the insurer has * * * refused to settle a case, an injured third party cannot sue the insurer directly, or via assignment, for bad faith refusal to settle in the absence of an adjudicated excess judgment against the insured." Romstadt, 59 F.3d at 615.
 {¶ 18} For these reasons, the Siemientkowskis' first assignment of error lacks merit.
 {¶ 19} In their second assignment of error, the Siemientkowskis assert that the court erred in not making a determination as to State Farm's liability for bodily injury and damage to property under R.C. 3929.05, and for bad faith under R.C. 2305.09. We disagree.
 {¶ 20} A claim of bad faith cannot be brought against an insurer by a third-party claimant. Pasipanki v. Morton (1990),61 Ohio App.3d 184, 185, citing Hoskins v. Aetna Life Ins. Co.
(1983), 6 Ohio St.3d 272, 275-276. The duty to act in good faith runs only from the insurer to its own insured. Pasipanki, at 185. Although an insurer owes a duty to its insured to negotiate in good faith with a party injured by the insured, there is no such independent duty to the injured party, nor is he a third party beneficiary to the insurance contract. Achor v. ClintonCty. Bd. of Mental Retardation Developmental Disabilities
(June 5, 1986), Franklin App. No. 86AP-60. Therefore, the Siemientkowskis, as third-party claimants, cannot bring an action alleging bad faith against State Farm as an insurer.
 {¶ 21} Likewise, any claim against an insurer by a third-party claimant for damages under R.C. 3929.05 must also fail. The only remedy under R.C. 3929.05 is collection of a judgment against a tortfeasor. Under R.C. 3929.06, however, and as we have previously addressed, the Siemientkowskis' claims fail as they were not third-party beneficiaries nor did they first obtain a judgment against Workman. In fact, the docket under the Siemientkowskis' original suit, CV-02-471206, reflects that the trial court granted Ms. Workman's motion for judgment on the pleadings, thereby dismissing any claim against her.
 {¶ 22} The Siemientkowskis' second assignment of error lacks merit.
 {¶ 23} In their ninth assignment of error, the Siemientkowskis claim the court's grant of summary judgment without permitting discovery was in error; however, they make no further argument and cite no authority for this claim. An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7). State v. Martin (July 12, 1999), Warren App. No. CA99-01-003, citing Meerhoff v. Huntington Mortgage Co. (1995),103 Ohio App.3d 164, 169. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), Summit App. Nos. 18349 and 18673.
 {¶ 24} Because the Siemientkowskis have failed to cite legal authority or to make any argument, this court will not address the ninth assignment of error.
 {¶ 25} Assignments of error one, two, and nine lack merit.
II. CLAIMS AGAINST STATE AUTO
 {¶ 26} In their third, fourth, fifth, and sixth assignments of error, the Siemientkowskis assert that the trial court's grant of judgment on the pleadings in favor of State Auto was in error and claim that material questions of fact precluded judgment. They additionally allege that the court made no determination as to their claims of bad faith and fraud.
 {¶ 27} Civ.R. 12(C) provides a party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. A motion for judgment on the pleadings presents a question of law, and the court looks to the allegations in the pleadings to decide the motion. A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted, and the same standard of review is applied to both motions. Gawloski v. Miller Brewing Co. (1994),96 Ohio App.3d 160, 163.
 {¶ 28} The trial court's inquiry is restricted to the material allegations in the pleadings, and the court may not consider any evidentiary materials. Id.; Conant v. Johnson
(1964), 1 Ohio App.2d 133, 135. Furthermore, the trial court must accept material allegations in the pleadings and all reasonable inferences as true. Gawloski, 96 Ohio App.3d at 163. Granting judgment on the pleadings is only appropriate where the plaintiff has failed in his complaint to allege a set of facts which, if true, would establish the defendant's liability. Walters v.First National Bank of Newark (1982), 69 Ohio St.2d 677. A reviewing court will reverse judgment on the pleadings if the plaintiff can prove any set of facts that will entitle her to relief. Gawloski, supra.
 {¶ 29} In their complaint, the Siemientkowskis allege that the damage to their home occurred in April 1999, when Workman's septic system was unearthed by Moreland homes. Although they admit to learning of the damage in February 2000, they failed to submit a claim until March 2002. A year and a half after the denial of this claim, the Siemientkowskis filed suit.
 {¶ 30} As outlined above, Section — I Conditions, subparagraph 8, of their insurance policy with State Auto outlines that suit must be brought within one year after the date of loss. The date of loss, as outlined in their complaint, can begin at either of two points. Assuming all other regularities, the earliest date of loss could begin from the date of knowledge of the condition, or February of 2000. The date of loss could also run from the date of State Auto's denial of a claim, or in June 2002. Under either date, however, the Siemientkowskis' claims are time-barred.
 {¶ 31} Even if the suit was not time-barred under the express provisions of the policy, the claim for "loss of use" is barred. The State Auto policy issued to the Siemientkowskis contains a specific exclusion for damage caused by the "release, discharge or dispersal of contaminants or pollutants." State Auto specifically cited to this provision when originally denying the claim.
 {¶ 32} Relative to this claim, State Auto's second assignment of error on cross-appeal asserts error in the trial court's failure to find that the Siemientkowskis actually pled a cause of action for bad faith. The Ohio Supreme court has previously held that an insurer owes a duty of good faith to its insured in the processing, payment, satisfaction, and settlement of the insured's claims. Hart v. Republic Mut. Ins. Co. (1949),152 Ohio St. 185. In Motorists Mutual Ins. Co. v. Said (1992),63 Ohio St.3d 690, the Ohio Supreme Court held that a cause of action for the tort of bad faith exists:
"* * * when an insurer breaches its duty of good faith by intentionally refusing to satisfy an insured's claim where there is either (1) no lawful basis for the refusal coupled with actual knowledge of that fact or (2) an intentional failure to determine whether there was any lawful basis for such refusal. Intent that caused the failure may be inferred and imputed to the insurer when there is a reckless indifference to facts or proof reasonably available to it in considering the claim.
`No lawful basis' for the intentional refusal to satisfy a claim means that the insurer lacks a reasonable justification in law or fact for refusing to satisfy the claim. Where a claim is fairly debatable the insurer is entitled to refuse the claim as long as such refusal is premised on a genuine dispute over either the status of the law at the time of the denial or the facts giving rise to the claim." Said, supra at 699-700.
 {¶ 33} The Siemientkowskis additionally assert that they have valid claims for fraud. In State ex rel. Ellis v. IndustrialCommission of Ohio (2000), 92 Ohio St.3d 508, 511, the Ohio Supreme Court has set forth the following mandatory elements of the tort of fraud as follows:
"(1) a representation, or where there is a duty to disclose, concealment of fact; (2) which is material to the transaction at hand; (3) made falsely, with the knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance."
 {¶ 34} Further, Civ.R. 9(B) states that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In their complaint, the Siemientkowskis allege the following facts as constituting fraud: (1) that State Auto refused to cover damages caused by an encroaching sewer system (complaint paragraph 22); (2) that State Auto's refusal to cover or assist them with their "sick house" caused them additional losses (complaint, paragraph 23); (3)that State Auto had an obligation to contact Ms. Workman's insurer to assist in a settlement (complaint paragraph 24); (4) that Safe Auto tested the ground for bacteria, thereby proving ongoing damaging effects upon their property (complaint paragraph 26); and (5) that State Auto claimed the problems were pre-existing and would not be covered under the policy (Complaint at ¶ 27).
 {¶ 35} Such allegations do not meet the specificity requirement as outlined in both Civ.R. 9 and by the Ohio Supreme Court.
 {¶ 36} For these reasons, we uphold the trial court's grant of summary judgment and find that the Siemientkowskis failed to properly plead a claim for bad faith and fraud.
 {¶ 37} The third, fourth, fifth, and sixth assignments of error lack merit.
III. FAILURE TO RULE UPON MOTIONS
 {¶ 38} In their seventh and eighth assignments of error, the Siemientkowskis claim error in the trial court's failure to rule upon their motion to amend/supplement their complaint, and in failing to rule on their motion to strike portions of State Auto's brief.
 {¶ 39} In general, if the trial court fails to mention or rule on a pending motion, the appellate court presumes that the motion was implicitly overruled. Fed. Home Loan Mtge. Corp. v.Owca (Nov. 17, 1999), 9th Dist. No. 2897-M., citing Maust v.Palmer (1994), 94 Ohio App.3d 764, 769; Kott Ent., Inc. v.Brady, 6th Dist. No. L-03-1342, 2004-Ohio-7160, at ¶ 40. Since the trial court failed to rule on either motion, both motions are therefore deemed denied. Further, "[t]he fact that a court fails to expressly rule on a motion does not constitute an abuse of discretion." Fed. Home Loan Mtge. Corp. v. Owca, supra.
 {¶ 40} The trial court's failure to rule on these motions constituted a denial, and the mere failure to rule is not an abuse of discretion.
 {¶ 41} The Siemientkowskis' seventh and eighth assignments of error lack merit. The judgment of the trial court is affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., And McMonagle, J. concur.
 APPENDIX A ASSIGNMENTS AND CROSS ASSIGNMENTS OF ERROR
 "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S, STATE FARMFIRE AND CASUALTY COMPANY ("STATE FARM"), MOTION FOR SUMMARYJUDGMENT AS THERE EXIST FACTS IN DISPUTE TO BE DECIDED BY AJURY.
 II. THE TRIAL COURT ERRED IN DISMISSING STATE FARM WITHOUTMAKING A DETERMINATION ON STATE FARM'S ABSOLUTE LIABILITY AS SETFORTH IN RC 3929.05 FOR BODILY INJURY AND DAMAGE TO PROPERTY ANDRC 2305.09 GOVERNING THE TORT OF BAD FAITH.
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTINGDEFENDANT'S-APPELLEE'S, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY("STATE AUTO"), MOTION FOR JUDGMENT ON THE PLEADINGS WHEN THEREEXIST ISSUES OF MATERIAL FACT TO BE DECIDED BY A JURY.
 IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTINGSTATE AUTO'S MOTION FOR JUDGMENT ON THE PLEADINGS BASEDEXCLUSIVELY ON THE TERMS OF THE HOMEOWNERS INSURANCE POLICY ANDMAKING NO DETERMINATION AS TO THE SIEMIENTKOWSKIS' CLAIMS OF BADFAITH AND FRAUD.
 V. THE TRIAL COURT ERRED IN DISMISSING STATE AUTO BASED ON THEONE-YEAR LIMITATION CLAUSE OUTLINED IN APPELLANTS' HOMEOWNERSINSURANCE POLICY. CLAIMS BASED UPON STATE AUTO'S BREACH OF DUTYOF GOOD FAITH ARE TORT CLAIMS AND ARE CONTROLLED BY THE FOUR-YEARSTATUTE OF LIMITATIONS PERIOD.
 VI. THE TRIAL COURT ERRED IN DISMISSING STATE AUTO BASED ONTHE ONE-YEAR LIMITATION CLAUSE OUTLINED IN APPELLANTS' HOMEOWNERSINSURANCE POLICY. CLAIMS BASED UPON FRAUD AGAINST STATE AUTO ARETORT CLAIMS AND ARE CONTROLLED BY THE FOUR-YEAR STATUTE OFLIMITATIONS FOR FRAUD.
 VII. THE TRIAL COURT ERRED IN DISMISSING STATE AUTO BY FAILINGTO CONSIDER AND RULE UPON THE PLAINTIFF'S LEAVE TOAMEND/SUPPLEMENT COMPLAINT IN ACCORDANCE WITH THE OHIO RULES OFCIVIL PROCEDURE, CIVIL RULE 15.
 VIII. THE TRIAL COURT ERRED IN FAILING TO RULE UPON THESIEMIENTKOWSKIS' MOTION TO STRIKE LANGUAGE CONTAINED IN STATEAUTO'S MOTION FOR JUDGMENT ON THE PLEADINGS THAT UNTRUTHFULLY,IMPROPERLY AND WRONGLY CLASSIFIED THE SIEMIENTKOWSKIS' PROPERTYAS ABANDONED.
 IX. THE TRIAL COURT ERRED IN GRANTING STATE AUTO'S AND STATEFARM'S MOTIONS FOR JUDGMENT ON THE PLEADINGS AND SUMMARYJUDGMENT, RESPECTIVELY, BEFORE DISCOVERY WAS COMPLETED PRIOR TOTHE SCHEDULED CUTOFF TIME AND AFTER THE COURT AT THE TRO HEARINGINSTRUCTED STATE AUTO TO PROVIDE THE SIEMIENTKOWSKIS WITHSPECIFIC DISCOVERY."
 STATE AUTO'S CROSS-ASSIGNMENTS OF ERROR
 "I. THE TRIAL COURT ERRED IN NOT HOLDING THAT PLAINTIFFSCANNOT SUE THEIR INSURER, STATE AUTO, FOR NEGLIGENCE.
 II. THE TRIAL COURT ERRED IN NOT HOLDING THAT PLAINTIFFS HAVENOT PLED ANY BAD FAITH CLAIM."