JOURNAL ENTRY AND OPINION
ON RECONSIDERATION[1] *Page 3 
 {¶ 1} In this consolidated appeal, appellants, Thomas McPhillips, et al., [2] appeal (1) the judgment of the Cuyahoga County Court of Common Pleas that granted appellee, Travelers Indemnity Company's[3]
("Travelers") motion for summary judgment and denied appellants' motion for summary judgment, and (2) the trial court's denial of appellants' motion for relief from judgment. For the reasons stated herein, we affirm.
 {¶ 2} Appellants brought this declaratory judgment action against Travelers on April 24, 2007, seeking a declaration that Travelers is obligated to pay on a judgment rendered against its insured, Prime TV, LLC ("Prime TV"). Appellants had obtained a judgment against Prime TV on February 28, 2006, in McPhillips v. Prime TV, LLC, Cuyahoga County Court of Common Pleas Case No. CV-553459. That action was brought against Prime TV for allegedly *Page 4 
transmitting unsolicited "junk faxes" in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227.
 {¶ 3} In this action, appellants, as a judgment creditor, sought a declaration that Travelers was required to pay all damages awarded against Prime TV in the underlying case pursuant to a general liability insurance policy Travelers issued to Prime TV. Said policy contains a provision for "advertising injury."
 {¶ 4} Travelers maintained that it was relieved of any obligation to pay on appellants' judgment against Prime TV by operation of the "Confidential Settlement Agreement and Mutual Release" ("the release"), which Travelers entered with Prime TV prior to appellants obtaining the status of a judgment creditor against Prime TV.
 {¶ 5} A case management conference was held by the trial court, and the court ordered the parties to conduct limited discovery for purposes of filing dispositive motions. The parties agree that the court instructed the parties to file motions for summary judgment regarding the release issue only. After the parties filed their motions and responsive pleadings, the trial court granted judgment in favor of Travelers.
 {¶ 6} The trial court's opinion addressed only the release issue, which was dispositive of the matter. The trial court found that the release that was *Page 5 
executed between Prime TV and Travelers applied to relieve Travelers from any obligation to pay on appellants' judgment against Prime TV.
 {¶ 7} Thereafter, appellants filed a motion for relief from judgment, which asked the trial court to reconsider its holding. The trial court denied this motion.
 {¶ 8} Appellants appealed both rulings, and the appeals were consolidated for our review. Appellants' two assignments of error provide as follows:
 {¶ 9} "I. The trial court erred, as a matter of law, in granting [Travelers'] motion for summary judgment and denying [appellants'] motion for summary judgment."
 {¶ 10} "II. The trial judge committed an abuse of discretion by overruling plaintiff-appellants' timely and meritorious motion to vacate."
 {¶ 11} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga Cty. Community College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Dept,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel. Duganitz v.Ohio *Page 6 Adult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326. We review a decision on a Civ. R. 60(B) motion for relief from judgment using an abuse of discretion standard. See Strack v. Pelton (1994),70 Ohio St.3d 172, 174, citing Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20.
 {¶ 12} As an initial matter, because the trial court considered and addressed only the release issue, we limit our review to this issue. The release at issue was executed between Prime TV (the insured), Travelers (the insurer), and a group of attorneys handling various lawsuits, including class actions, in various jurisdictions outside of Ohio. The release set forth the lawsuits that were collectively considered the "underlying actions" for the release. The McPhillips v. Prime TV,LLC case that gave rise to this action was not among the "underlying actions" set forth in the release.
 {¶ 13} Relevant to this case, the release provided that the named plaintiffs in the underlying actions had agreed to a global settlement with Prime TV and DirecTV, and in connection therewith, "Prime and Travelers agreed to settle all of the disputes between them relating to, among other things, (1) the Underlying Actions, including without limitation those disputes concerning Travelers' participation in and/or liability for Prime's defense and indemnification in connection with the Underlying Actions and the claims asserted or that could have been asserted therein, and (2) any and all past, present or future claims ofany and all individuals and entities nationwide who ever received anallegedly *Page 7 unsolicited facsimile from Prime and/or DirecTV (the "PotentialClaimants)[.]"
(Emphasis added.) The release proceeded to state as follows:
 "In consideration of the provisions of this Agreement, Prime releases, acquits and forever discharges Travelers from all past, present and future actions * * * which in any manner or fashion arise from or relate to: (i) the Class Settlement, the Judgment, or the Escrow Account; (ii) the Coverage Action and the claims that were or could have been asserted therein * * *; and (iii) the Underlying Actions and the claims that were or could have been asserted therein, including without limitation any and all past, present or future claims of any of the Potential Claimants."
 {¶ 14} Appellants concede that they specifically opted out of one of the cases referenced in the release. Nevertheless, appellants argue that the use of the word "and" in the release required that all three conditions be satisfied in order for the release to apply.
 {¶ 15} The construction of contracts is a matter of law. Alexander v.Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. When construing the terms of a contract, a court's principal objective is to ascertain and give effect to the intent of the parties.Hamilton Ins. Serv., Inc. v. Nationwide Ins. Co., 86 Ohio St.3d 270,273, 1999-Ohio-162. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement."Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. In determining the parties' intent, a court must read the contract as a whole and give effect, if possible, to every provision contained in the contract. Foster Wheeler *Page 8 Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.,78 Ohio St.3d 353, 361-362, 1997-Ohio-202.
 {¶ 16} In reviewing the contract as a whole, it is clear that the parties did not intend to restrict the release to only those claims that met all three of the listed matters as opposed to any one of them. Travelers and Prime TV specifically set forth that they had agreed to settle, "among other things," "any and all past, present or future claims of any and all individuals and entities nationwide * * *." It is apparent that the parties were not restricting their release to matters that included a relation to the class settlement and coverage action, but instead intended the release to independently apply nationwide to all claims of any "potential claimants."
 {¶ 17} The record in this case reflects that appellants conceded to the trial court that the release encompassed their claims and that they were "potential claimants" as defined by the release. They also concede in their appellate brief that the purpose behind the settlement was to "resolve any outstanding and future claims arising out of the blast faxing activity [by Prime TV] in 2001." Notwithstanding the inconsistent position taken by appellants, upon our review, we find that the release does encompass appellants' action.
 {¶ 18} Appellants also argue that because they were not parties to the release, they cannot be bound by its terms. They further claim that since their injuries occurred before the release was executed, their claims could not be *Page 9 
extinguished by a unilateral agreement between Travelers and Prime TV. In support of their argument, appellants cite the proposition that insurance coverage may not be erased after a third party has sustained a loss or injury. We are unpersuaded by appellants' argument.
 {¶ 19} An insurance policy is a contract between the insurance company and the insured. The parties to an insurance contract may generally agree to alter or cancel a policy at any time before a loss under the policy has occurred. Loxley v. Pearson, Montgomery App. No. 20156,2004-Ohio-3771.
 {¶ 20} With respect to a third party who has been injured by an insured, this court has previously recognized, "an injured party cannot directly sue the insurer of a tortfeasor because the injured party is not a third-party beneficiary of a liability insurance contract."Siemientkowski v. State Farm Ins. Co., Cuyahoga App. No. 85323,2005-Ohio-4295, citing Chitlik v. Allstate Ins. Co. (1973),34 Ohio App.2d 193. However, in certain instances, retroactive cancellations have been deemed prohibited after the insured has become responsible for a loss and the cancellation will affect the rights of a third party.Loxley, supra; McGuire v. Mills (Aug. 30, 1999), Ross App. No. 98CA2462.
 {¶ 21} Where a third party sustains bodily injury or death in an accident caused by the insured, it has been recognized that the rights of the injured party arise immediately upon the happening of the accident and that the injured party's rights cannot be destroyed by an attempted subsequent cancellation, release, or compromise by the insured and insurer. See Spann v. Commercial Standard Ins. *Page 10 Co. (C.A. 8, 1936), 82 F.2d 593, 599. "A contrary rule allowing the insured and insurer to destroy the claim of the injured would render the right of little value." Id.
 {¶ 22} As the Ohio Supreme Court stated in Hartford Accident Indemn.Co. v. Randall (1932), 125 Ohio St. 581, 585-586: "an injured person has a potential interest and a substantial right in the policy from the very moment of his injury, and, although it does not develop into a vested right until a judgment is secured, his rights are such, even before judgment, as to entitle him to comply with the terms and conditions of the policy, and thus make them effective in his behalf in the event the insured fails to discharge his duty under the policy." Where an accident results in claims for bodily injury, it has been recognized that there is a "paternalistic public policy in this state which seeks to prevent insureds, particularly motorists, from suffering lapses in insurance coverage through inadvertence and to safeguard the rights of injured parties against insurers." Loxley, supra; McGuire, supra. This principle is embodied in R.C. 3929.05, which specifically prevents the retroactive cancellation of a policy after the insured is in an accident that causes bodily injury or death to another person. Application of R.C. 3929.05 is limited to cases arising thereunder.
 {¶ 23} This case does not involve a bodily injury and does not invoke R.C. 3929.05. Rather, appellants brought this action pursuant to R.C. 2721.02.
That statute provides in relevant part:
 "(B) A plaintiff who is not an insured under a particular policy of liability insurance may not commence against the insurer that issued the policy an action or proceeding under this chapter that *Page 11 seeks a declaratory judgment or decree as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that a particular insured under the policy allegedly tortiously caused the plaintiff to sustain or caused another person for whom the plaintiff is a legal representative to sustain, until a court of record enters in a distinct civil action for damages between the plaintiff and that insured as a tortfeasor a final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved."
R.C. 2721.02(B).
 {¶ 24} Under this statute, appellants could not bring a direct action against Travelers before obtaining a judgment against Prime TV. The legislature has not chosen to extend the same rights afforded by R.C. 3929.05 with respect to a post-occurrence cancellation or alteration of an insurance policy. More specifically, R.C. 2721.02 does not render a cancellation, release, or alteration of a policy ineffective as to a loss that already occurred.
 {¶ 25} Accordingly, we find that appellants did not obtain any rights in the policy until they obtained a judgment against Prime TV and obtained the status of a judgment creditor. The release between Prime TV and Travelers was executed before appellants obtained the underlying judgment. Therefore, the release did not affect any "rights" of appellants since they did not have any "rights" prior to the time the underlying judgment was entered against Prime TV. Because the rights of such a plaintiff against the insurer cannot rise above those of the insured, the insurer is entitled to raise any defenses that would have been available in an action by the insured. See Bennett v. Swift Co. (1959), 170 Ohio St. 168, 171.
 {¶ 26} As one court recognized: *Page 12 
 "[T]he question [of] whether an insured and insurer may enter into a compromise settlement without the consent of an injured third party after the accident has occurred depends upon the status accorded under applicable state law to that injured third person. If the third party is considered a third-party beneficiary by virtue of the nature and/or [terms] of the contract itself, by virtue of a statute granting him that status, or by public policy flowing from the nature of the insurance contract, then it is fair to say that in those circumstances, the insured and insurer cannot defeat his right to recover under the policy by post-accident cancellation, rescission or settlement. In other cases, such as where the injured third party is not an intended beneficiary or becomes a policy beneficiary only upon securing a judgment against the insured, then a settlement between the insured and his insurer prior to such time as the third party acquires the status of a policy beneficiary or judgment creditor would not affect the third party's `rights' in the policy as he has no `rights.'"
Cowley v. Texas Snubbing Control (S.D. Miss. 1992), 812 F.Supp. 1437,1458-1459.
 {¶ 27} With respect to any public policy concerns, we find the following language instructive:
 "[P]ublic policy does not dictate a contrary result to that reached by the court. At the time of the settlement, Stapleton had no `rights' or beneficial interest in the policy and Texas Snubbing had substantial exposure to liability claims * * *. Under these circumstances, the court cannot conclude that Texas Snubbing was required to risk that exposure for one who, at the time it entered the settlement, had no interest in the policy. The court concludes, therefore, that the case is governed by the general rule which precludes an injured third party from claiming under the tortfeasor's liability policy to the same extent as the insured. The court thus concludes that the settlement agreement is effective as against Stapleton. * * * [T]his court would observe that by virtue of its conclusion that the settlement should be enforced, Stapleton is in no worse position than he would have been in had Texas Snubbing procured no insurance coverage * * *, or had exhausted the limits of its coverage by the payment of other claims * * *." *Page 13 
Id. at 1459-1460.
 {¶ 28} Insofar as appellants assert that the circumstances surrounding the release were suspicious, there is no evidence in the record that the reason for the parties' entering into the release was to deprive appellants of any potential for recovery. We also find no merit to appellants' argument concerning the amendment or waiver of policy terms. The insurance policy was between Prime TV and Travelers, and those contracting parties were permitted to execute a release. Further, since appellants had no rights at the time the release was executed, they have no basis for challenging the terms of the policy.
 {¶ 29} We conclude that appellants are "potential claimants" within the scope of the release executed between Travelers and Prime TV; that Prime TV, as an insured, could release Travelers from obligations arising under the policy, including liability for the claims brought by appellants in this matter; that appellants had no rights in the policy until they became judgment creditors; and that the release effectively relieves Travelers of any obligation to pay on the judgment appellants obtained against Prime TV.
 {¶ 30} Finding no error in the judgment of the trial court that granted summary judgment to Travelers or the court's denial of relief from judgment, we overrule appellants' two assigned errors.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed. *Page 14 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., and MARY JANE BOYLE, J., CONCUR
[1] The original announcement of decision, Thomas McPhillips, et al.v. Travelers Indemnity Company, Cuyahoga App. Nos. 91286 and 91561,2009-Ohio-596, released February 12, 2009, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. See App. R. 22(C); see, also, S.Ct.Prac. R. II, Section 2(A)(1).
[2] The named plaintiffs-appellants are as follows: Thomas McPhillips; McPhillips Plumbing, Heating Air Conditioning; Joseph R. Compoli, Jr.; Jang Konthong; Mark S. Telich; Lawrence Zychowski; Duplicating Specialists; Cynthia J. Jemiola; Cynthia J. Jemiola O.D., Inc.; James Betor; Lake Erie Industrial Services; and Marine Hydraulics Services.
[3] Travelers initially was incorrectly named as "Travelers Property Casualty Insurance Company." An amended complaint was filed that named the proper party as "Travelers Indemnity Company." *Page 1